### HILDRETH v. AUERBACH et al.

(Circuit Court of Appeals, Second Circuit. March 9, 1915.)

No. 166.

1. PATENTS ☞328—INFRINGEMENT—CANDY-PULLING MACHINE.

The Hildreth patent, No. 832,384, for a candy-pulling machine, *held* not infringed.

2. PATENTS ☞328—VALIDITY AND INFRINGEMENT—CANDY-PULLING MACHINE.

The Thibodeau patent, No. 857,770, for a candy-pulling machine, *held* valid and infringed.

3. PATENTS ☞198—ASSIGNMENT—FORM OF ACKNOWLEDGMENT.

The acknowledgment to the assignment of a patent, required by Rev. St. § 4898 (Comp. St. 1913, § 9444), is sufficient, if in a form good at common law.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 277; Dec. Dig. ☞198.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon cross-appeals from a decree of the District Court, Southern District of New York. The suit was brought for alleged infringement of two patents, both owned by complainant—No. 832,384, granted October 2, 1906, to complainant for a candy-pulling machine, and No. 857,770, granted June 25, 1907, to Charles Thibodeau, assignor, for a candy-pulling machine. The District Judge, following the Court of Appeals for the Fourth Circuit, held that the earlier of these patents was invalid; he found infringement of claims 1, 8, 18, and 19 of the Thibodeau patent. Judge Hand's opinion will be found in 223 Fed. 545.

Paul Armitage, of New York City (Macleod, Calver, Copeland & Dike and George P. Dike, all of Boston, Mass., of counsel), for complainant.

J. L. Levy, of New York City, for defendants.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. [1] Judge Hand followed the earlier opinions of Judge Rose and of the Court of Appeals for the Fourth Circuit, but evidently with considerable doubt. We are of the opinion that in these earlier opinions too broad a construction was given to the earlier Dickinson patent, which was found to negative invention in Hildreth. Dickinson first showed the "in and out" or "figure 8" mo-

tion of the pulling parts, and claimed it distinctively; but he showed no means for supporting the candy, except the trough in which it lies. He repeatedly refers to the trough as the "candy support," as a "receptacle for supporting the candy," the "object of said trough being merely to receive and support the batch of candy." He says, however:

"I have shown a trough for supporting the candy; but any suitable support may be used which has the capacity for supporting the candy while it is being operated upon."

Since he made this general suggestion as to supporting the candy, and since he was a pioneer in providing the "figure 8" motion, a meritorious improvement in the art, infringement of his patent might be found in the Hildreth device, which uses the "figure 8 motion" and supports the candy otherwise than by the trough. But it by no means follows that Hildreth, who was apparently the first to support the candy above the trough, table, or chamber bottom, also a meritorious improvement, was not entitled to a patent for the new method of supporting which he showed. It is, however, unnecessary to discuss this branch of the case, because the state of the art would preclude Hildreth from obtaining any broad construction of his claim, which we are satisfied is not infringed by defendant's device, where the supports are arranged horizontally instead of vertically. The result on either view of the case would be an affirmance of so much of the decree as dismisses the bill for infringement of the Hildreth patent.

[2, 3] As to the Thibodeau patent, we concur fully with Judge Hand's reasoning and conclusion. The form of acknowledgment to the eighth assignment, which was excepted to on the trial, reads:

"Then personally appeared Leo Piel, trustee, by me personally known, who acknowledged the foregoing instrument by him subscribed to be his free act and deed."

This is a sufficient acknowledgment at common law. We are satisfied that all that section 4898, Rev. Stat. U. S., requires is an acknowledgment good at common law, not one which shall conform to some special regulations as to acknowledgments which may be from time to time enacted in one or other of the different states.

The decree is affirmed, without costs to either party.